J-S16023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS CHARLES O'NEAL | : | |
| | : | |
| Appellant | : | No. 1664 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 2, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002789-1994

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 21, 2020**

Thomas Charles O'Neal appeals from the judgment of sentence entered after being resentenced pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, ––– U.S. ––––, 136 S.Ct. 718 (2016). He maintains that the trial court imposed an improper *de facto* life sentence. We affirm.

In 1995, O'Neal pled guilty to first-degree murder and the trial court sentenced him to life without the possibility of parole ["LWOP"].[1] O'Neal was 17 years old when he committed the crime. After a series of unsuccessful PCRA petitions, in April 2019 the court resentenced O'Neal to 48 years to life

---

[1] 18 Pa.C.S.A. § 2502(a).

imprisonment.[2] O'Neal filed a post-sentence motion, which the court denied. This timely appeal followed.

O'Neal presents the following issue to this Court:

> Whether the trial court imposed an constitutionally impermissible *de facto* life sentence when it imposed a sentence of 48 years to life on a juvenile offender convicted of first degree murder, where the Commonwealth did not seek the imposition of life in prison without the possibility of parole and where there was no finding that [O'Neal] was permanently incorrigible, irreparably corrupt or irretrievably depraved[?]

O'Neal's Br. at 3.

O'Neal's claim challenges the legality of his sentence. "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Crosley**, 180 A.3d 761, 771 (Pa.Super. 2018), *appeal denied*, 195 A.3d 166 (Pa. 2018) (citation omitted).

"[A] trial court may not impose a term-of-years sentence, which constitutes a *de facto* LWOP sentence, on a juvenile offender convicted of homicide unless it finds, beyond a reasonable doubt, that he or she is incapable of rehabilitation." **Commonwealth v. Foust**, 180 A.3d 416, 431 (Pa.Super. 2018). The **Foust** Court declined to draw a "bright line in this case delineating what constitutes a *de facto* LWOP sentence and what constitutes a constitutional term-of-years sentence." **Id.** at 438. However, it held that

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

"the individual sentences must be considered" when determining the constitutionality of the sentence and whether it constitutes a *de facto* life sentence. *Id.* at 434.

In *Commonwealth v. Bebout*, this Court held that a term of 45 years to life did not amount to a *de facto* life sentence. *Bebout*, 186 A.3d 462, 469 (Pa.Super. 2018). The Court stated that ["t]he key factor in considering the upper limit of what constitutes a constitutional sentence . . . appears to be whether there is 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Id.* at 468 (quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)). It concluded that there was a meaningful opportunity where it was "at least . . . plausible that one could survive until the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits." *Id.* (emphasis omitted). Applying this standard, the Court determined that Bebout, who was 15 years old at the time of the crime, would be eligible for parole at age 60. *Id.* Thus, it concluded that "[Bebout's] minimum sentence is not so long that it is virtually certain that he could not survive it. Indeed, it is at least plausible, and perhaps even likely, that [Bebout] could live many years past his earliest possible release date." *Id.* at 469.

In the instant case, O'Neal maintains that though the court did not impose a life sentence, his sentence in effect amounts to one. *See* O'Neal's Br. at 5. He alleges that despite the possibility of being paroled at 66 years old, "he would only have the opportunity for parole beyond his expected

retirement age with no money and little potential for employment." *Id.* at 6. O'Neal's claim is meritless.

O'Neal was 17 years old at the time he committed the murder. O'Neal would be eligible for parole at 65 years old, only five years longer than the appellant in **Bebout**. As in **Bebout**, we conclude that "it is at least plausible, and perhaps even likely, that [O'Neal] could live many years past his earliest possible release date." **Bebout**, 186 A.3d at 469. We therefore conclude that the court's sentence of 48 years to life imprisonment is not a *de facto* life sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20

- 4 -